IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL HINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19-cv-1057-WHA-JTA |
| ) | [WO] |
| U.S. MARSHALS, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff initiated this civil action by filing a complaint against "11 U.S. Marshals" alleging, among other things, an illegal search of his residence. Doc. 1. Shortly after filing his initial complaint, Plaintiff twice filed amended complaints, the second of which appeared to add defendants and claims. Docs. 3, 5. After reviewing Plaintiff's second amended complaint (Doc. 5), the Court deemed it necessary that Plaintiff file another amended complaint and provided him an opportunity to do so. A detailed order was therefore issued explaining the need for an amended complaint and providing Plaintiff specific instructions with respect to filing the amended complaint. Doc. 16 at 1–3. The Court specifically cautioned Plaintiff that his failure to comply with the directives of this order would result in a Recommendation that this case be dismissed. Doc. 16 at 3.

The time allowed Plaintiff to file the amended complaint expired on March 23, 2021. As of the present date, Plaintiff has failed to file an amended complaint as required by the Court. In light of Plaintiff's failure to file the requisite amended complaint, the Court concludes this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th

Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*. at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to file an amended complaint as ordered by the Court. It is further

ORDERED that on or before **April 22, 2021**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of April, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE